CASE No. 1092.

MOBLEY v. DAVEGA.

A note payable twelve months after date, "with interest from date, at twelve and a-half per cent. per annum, interest payable annually," and described by the maker, in a mortgage contemporaneously executed, as a note "with interest thereon at the rate of twelve and a-half per cent. per annum till paid," draws the same rate of interest after maturity as before. The rule laid down in *Langston* v. *Railroad Company,* 2 *S. C.* 248, approved.

---

Before HUDSON, J., Chester, October, 1880.

Action was instituted in January, 1880. The opinion states the case.

*Mr. S. P. Hamilton,* for appellant.

*Mr. T. C. Gaston,* contra.

October 1st, 1881. The opinion of the court was delivered by

McGOWAN, A. J. On January 1st, 1872, the defendant, Abram H. Davega, gave to the plaintiff a sealed note in these words:

"$2,270.00.                    CHESTER, January 1st, 1872.

"Twelve months after date, I promise to pay Samuel W. Mobley, or order, twenty-two hundred and seventy dollars, with interest from date at twelve and a-half per cent. per annum, interest payable annually, for value received.

"Witness my hand and seal.

                    "A. H. DAVEGA. [L. S.]"

On the same day, Davega executed a mortgage of a lot in the town of Chester to secure the payment of the note, the preamble

of which, describing the note, states "with interest thereon at the rate of twelve and a-half per cent. per annum from the first day of January, A. D. 1872, *till paid*, as in and by said sealed note and condition thereof, reference being thereunto had, will more fully appear," &c.

The interest on the note for one year was paid when it fell due, and sundry other payments were made at different times thereafter, but a large amount still remaining due, the plaintiff instituted these proceedings to foreclose the mortgage, and the question arose as to the manner in which interest should be calculated on the note—whether the note, *after maturity*, continued to bear interest at twelve and a-half per cent., according to its terms, or only the legal rate of seven per cent. per annum. The case came on to be heard before Judge Hudson, who referred it to the clerk of the court to compute the amount of interest due upon the note, who computed the interest up to date at twelve and a-half per cent., as indicated in the note, and reported that the sum of $2,696.71 was still due. Judge Hudson confirmed the report and decreed foreclosure for the sum stated, and the defendant appeals to this court upon the following exceptions:

1. Because his Honor, the presiding judge, erred in not holding that the special contract, as set forth in the sealed note mentioned in the pleadings, terminated at the expiration of the twelve months.

2. That he erred in not holding that after the termination of the special contract, interest could only be calculated at seven per cent. according to law.

3. Because his Honor erred in confirming the report of the referee, wherein interest was calculated on said sealed note at the rate of twelve and a-half per cent. per annum, with annual interest at that rate to the date of the decree.

The single question is: What was the contract of the parties— that is to say, what was *their intention*, as disclosed by the papers themselves? When this note and mortgage were executed, it was lawful for parties to agree in writing, signed by the party to be charged therewith, for any specific rate of interest. Did these parties intend that the note should bear interest at twelve and a-half per cent. *after* as well as before it fell due? The

usury law, subsequently passed, does not touch the inquiry. This court has declared that the rule is properly laid down in the case of *Langston* v. *The S. C. Railroad Company,* 2 *S. C.* 248, as follows: "If the debt bears a fixed rate of interest on its face higher or lower than that prescribed by law as the legal one, *where the parties do not contract that it shall be the rate after the debt becomes due,* the interest fixed by law attaches on it for the detention of the principal sum," &c.

Did these parties contract that twelve and a-half per cent. per annum *"should be the rate after the debt became due?"* The referee and Circuit judge both decided that they did. In cases of such concurrence upon a question of fact this court rarely disturbs the judgment. It is probable that the parties intended to make no contract as to the rate of interest beyond the time the note was to fall due, and if they did intend to provide for that period at all, is it not improbable that they would fix the interest at a lower rate *after* than before due? The use of money due, but still detained, is not less valuable than that which is detained by the terms of the contract.

In construing a paper, every word, if possible, should have its full effect. The terms of the note are "with interest from date at twelve and a-half per cent. per annum, *interest payable annually.*" The word "annually" conveys a very distinct idea that the matter might not stop at the end of one year, but go into years beyond. It is defined as follows: "Yearly," "returning every year," "year by year." The use of the word indicates a mutual stipulation for an indefinite extension of credit, and annual payment of interest during the extension. *Sharpe* v. *Lee,* 14 *S. C.* 341, and the authorities there cited.

Besides, in this case, the note and mortgage to secure it were executed at the same time, and the mortgage, a solemn deed of the defendant, described the note as bearing interest at twelve and a-half per cent. per annum from January 1st, 1872, "till paid." Mr. Jones, in his work on mortgages, says: "The note and mortgage, when made at the same time, and in relation to the same subject, are a part of one transaction, and constitute one contract, and must be construed together as if they were parts of one instrument. They explain each other so far as the indebted-

ness is concerned. The mortgage usually describes the note, stating the date, amount, the makers of it, and the time when it is payable. Such description serves to identify the note. The mortgage may describe the debt as well, and thus may qualify the terms of the note. For instance, where a note was given, payable in five years from date, with interest at ten per cent., and, at the same time, a mortgage was given to secure the payment of the note, in which it was stipulated that the interest should be *payable annually*, the agreement was held to be that interest at ten per cent. was payable annually, and that foreclosure might be had for the non-payment of the interest." 1 *Jones Mort.* § 71.

The judgment of this court is that the judgment of the Circuit Court be affirmed and the appeal dismissed.

SIMPSON, C. J., and McIVER, A. J., concurred.